UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL DAGGS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-7991** |
| **LEXINGTON INSURANCE COMPANY** | **SECTION: "B" (4)** |

## ORDER

Before the Court is **Motion for Sanctions By Lexington Insurance Company (R. Doc. 24)**, filed by Defendant, Lexington Insurance Company ("Lexington"), seeking an Order from the Court holding Plaintiff, Michael Daggs ("Daggs") in contempt for his failure to comply with the Court's Order (R. Doc. 17) compelling certain discovery. Lexington also moves for sanctions, including dismissal under Rules 41 and 37, reasonable attorney's fees and costs, and any further relief to which it is entitled. (R. Doc. 24, p. 1.) Daggs did not oppose the motion. The motion was heard on the briefs on October 7, 2009.

### I. Background

On or about August 29, 2005, Daggs sustained damages to his property as a result of Hurricane Katrina. (R. Doc. 1-2, Ex. A, ¶ IV.) On September 24, 2007, Daggs filed a Petition for Damages in Louisiana state court against Lexington. (R. Doc. 1-2, Ex. A.) Daggs alleges that although Lexington received a satisfactory proof of loss and is required to reimburse Daggs for damages arising out of the storm, it has paid for some, but not of the damage sustained. (R. Doc. 1-2, Ex. A, ¶¶ VI-IX.) Therefore, Daggs seeks judgment for the remainder of the policy, actual

damages, and fees and costs. (R. Doc. 1-2, Ex. A, ¶ IX.)

On November 5, 2007, Lexington filed a notice, removing the state action *Daggs v. Lexington Insurance Co.*, No. 07-11180, to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (R. Doc. 1, ¶ 5.) Lexington is a citizen of Delaware and Massachusetts and Daggs is a citizen of Louisiana. (R. Doc. 1, ¶ 9.)

On June 16, 2009, Lexington filed a Motion to Compel, seeking an Order from this Court compelling Daggs to respond to its discovery requests. (R. Doc. 16.) Daggs did not oppose the motion. On August 28, 2009, this Court issued an Order granting Lexington's motion as unopposed and awarding Lexington attorney's fees and costs. (R. Doc. 17.) That Order stated that Daggs was to "provide his complete responses to Lexington's First Set of Interrogatories and Requests for Production no later than **eleven (11) days** from the signing of this Order." (R. Doc. 17.) Therefore, Daggs responses were due by September 8, 2009. To date, Daggs has not responded.

Lexington then filed this action seeking an Order of contempt for Daggs's failure to comply with this Court's Order, and for sanctions–including dismissal under Rule 41, dismissal under Rule 37, and award of reasonable attorney's fees and costs in connection with this motion. (R. Doc. 24, p. 1.) Daggs did not file a response.

## II. Standard of Review

### A. Contempt

Pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A), a court may treat as contempt of court a party's failure to obey an order to provide or permit discovery. Fed.R.Civ.P. 37(b)(2)(A)(vii). Rule 37(b)(2)(A) provides numerous remedies for a party's failure to comply with a court order, including:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A)(i)-(vii).

Civil contempt vindicates the rights of aggrieved persons under valid court orders. *Louisiana Ed. Ass'n v. Richland Parish Sch. Bd.*, 421 F.Supp. 973, 975 (D.C. La. 1976). It is well-settled that a party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999). A party commits contempt by violating a definite and specific order of the court which requires him or her to perform or refrain from performing a particular act or acts with knowledge of the court's order. *Id.* (internal citations omitted).

### B. Rule 37 Dismissal

Under Rule 37(b), when a party fails to comply with a Court Order, the Court may dismiss the party's action in whole or in part. Fed.R.Civ.P. 37(b)(2)(A)(v). The District Court recently discussed what the Court will consider when dealing with a request for dismissal under Rule

37(b)(2)(A).  *See Quintero v. Balboa Ins. Co.*, No. 08-1527, 2009 WL 382506, at *2 (E.D. La. Feb. 11, 2009).  The Court explained:

> To support a dismissal under Rule 37(b), the Fifth Circuit requires a finding of bad faith or willful conduct, as well as a finding that other factors exist.  First, dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not the inability to comply.  Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions.  Another consideration is whether the other party's preparation for trial was substantially prejudiced.  Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

*Id.*

    **C.**    **Rule 41 Dismissal**

Rule 41(b) provides that when a "plaintiff fails to prosecute or to comply with these rule or a court order, a defendant may move to dismiss the action or any claim against it."  Fed.R.Civ.P. 41(b).  Unless otherwise stated, a dismissal under this Rule operates as an adjudication on the merits.  *Id.*  The Fifth Circuit has noted that a Rule 41(b) dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim."  *Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Therefore, "Rule 41(b) dismissal with prejudice is proper only when there is a clear record of delay or contumacious conduct by the plaintiff and lesser sanctions would not serve the best interests of justice."  *Ford v. Sharp*, 758 F.2d. 1018, 1021 (5th Cir. 1985).  In considering involuntary dismissal under Rule 41(b), the Court considers aggravating factors such as "(1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct."  *Id.*

**III.     Analysis**

Lexington argues that Daggs's failure to comply with the Court's August 28, 2009, Order warrants a finding of contempt under Rule 37. (R. Doc. 24, p. 2.) Lexington also asks that this court recommend a Rule 41 dismissal as the penalty for contempt. (R. Doc. 24-2, p. 2.) Lexington claims that Daggs has failed, without explanation, to comply with this Court's Order. (R. Doc. 24-2, p. 3.) Lexington further claims that Daggs completely failed to cooperate in discovery, and that based on Daggs's inaction, this Court should recommend dismissal under Rule 41(b). (R. Doc. 24-2, p. 3.)

In the alternative, Lexington argues that the Court should dismiss the action under Rule 37(b)(2)(C) for Daggs's failure to comply with the Court's Order. (R. Doc. 24-2, p. 3.) Lexington argues that this severe sanction is warranted when a party willfully fails to comply with court orders. (R. Doc. 24-2, p. 4.) Lexington argues that Daggs is not honestly attempting to prosecute the matter as he had not provided Rule 26 disclosures; has yet to provide discovery responses; failed to submit expert reports that were due August 14, 2009; and failed to provide witness and exhibit lists, which were due on September 14, 2009. (R. Doc. 24-2, p. 4 n.3)

**A.     Contempt**

Lexington has established, by clear and convincing evidence, that Daggs is in contempt of the Court's discovery Order. First, it is clear that the Court issued an Order on August 28, 2009. (R. Doc. 17.) Second, the Court's Order required Daggs to provide responses to discovery to Lexington within eleven days of the signing of the Order, by September 8, 2009. (R. Doc. 17, p. 2.) Finally, Lexington stated that, to date, Daggs has made absolutely no effort to respond to discovery. (R. Doc. 24-2, p. 2.) Daggs did not oppose this assertion. Therefore, the Court finds Daggs in contempt of court for failure to obey a court order under Rule 37(b)(2)(A)(vii).

5

B. <u>Dismissal Under Rule 37 and Rule 41(b)</u>

Lexington has not produced sufficient evidence to warrant dismissal under Rule 37(b)(2)(A)(v) or Rule 41(b). Although Lexington asks for relief under both rules, it is seeking the same type of relief (dismissal) for failure to comply with a court order under both rules. As stated above, the standards for dismissal under Rule 37(b)(2)(A)(v) and Rule 41(b) look at similar factors. Furthermore, Lexington alleges that dismissal is warranted under both Rules based on the same set of facts.

After review, the Court finds that dismissal is not warranted under Rule 37(b)(2)(A)(v) nor Rule 41(b). Lexington's motion merely makes the conclusory assertion that Daggs has acted in bad faith, it does not demonstrate that Daggs failure to cooperate in discovery or comply with court orders was the result of bad faith and not for another reason. Lexington also has not demonstrated that less drastic sanctions would be ineffective to get Daggs to comply with the Court's Order. It is also unclear to what extent Daggs failure to comply has prejudiced Lexington. Finally, it is not clear from Lexington's motion whether the delay is attributable to Daggs or his counsel. Therefore, Lexington's motion for dismissal under Rule 37(b)(2)(A)(v) and/or Rule 41(b) is denied.

IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that the **Motion for Sanctions by Lexington Insurance Company** is hereby **GRANTED IN PART** and **DENIED IN PART**.

- **IT IS GRANTED** as to the entry of an Order holding Daggs in contempt of court for failure to comply with a Court Order under Rule 37(b)(2)(A)(vii). Lexington is also awarded the fees and costs incurred in bringing this motion.

- **IT IS DENIED** as to Lexington's motions to dismiss under Rules 37(b)(2)(A)(v) and 41(b)

**IT IS FURTHER ORDERED** that Lexington shall file a motion to fix attorney's fees into the record by **Wednesday, October 28, 2009**, along with: (1) an affidavit attesting to its attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill, and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **Wednesday, November 4, 2009.** Lexington shall notice the motion to fix attorney's fees for hearing on **Wednesday, November 11, 2009** and the motion shall be heard on that date **without oral argument**.

New Orleans, Louisiana, this 15th day of October 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**